**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| VIRAG, S.R.L., a foreign corporation, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No.  2:14-cv-04786-KM-MAH |
| | ) | |
| SONY COMPUTER ENTERTAINMENT | ) | |
| AMERICA LLC and SONY COMPUTER | ) | Motion Day:  December 15, 2014 |
| ENTERTAINMENT, INC., | ) | |
| | ) | Oral Argument Requested |
| **Defendants.** | ) | |

## VIRAG'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. §1404(a)

COLE, SCHOTZ, MEISEL, FORMAN
& LEONARD, P.A.

Leo V. Leyva, Esq.
James T. Kim, Esq.
25 Main Street – Court Plaza North
Hackensack, New Jersey  07601
(201) 489-3000
lleyva@coleschotz.com
jkim@coleschotz.com

SWANSON, MARTIN & BELL, LLP

Thomas J. Verticchio, Esq. (*pro hac vice*)
Christopher T. Sheean, Esq. (*pro hac vice*)
Steven L. Vanderporten, Esq. (*pro hac vice*)
330 North Wabash Avenue, Suite 3300
Chicago, Illinois  60611
(312) 321-9100
tverticchio@smbtrials.com
csheean@smbtrials.com
svanderporten@smbtrials.com

*Attorneys for VIRAG S.R.L.*

## **Table of Contents**

Introduction ..............................................................................................................1

Argument..................................................................................................................2

    A.    Defendants Bear a Heavy Burden to Transfer This Case
            Out of the District of New Jersey..........................................................2

    B.    The "Private Interest Factors" Demonstrate Venue is
            Convenient in New Jersey......................................................................3

          1.    VIRAG's Forum Preference Should Be Afforded
                 Deference ....................................................................................3

          2.    The Claimed Reasons Supporting Defendants' Choice
                 of Forum Are Flawed ..................................................................6

          3.    VIRAG's Claims Arose in New Jersey .....................................8

          4.    The Convenience of the Parties Favors New Jersey..................9

          5.    The Remaining Private Factors Favor New Jersey..................12

    C.    The "Public Interest Factors" Demonstrate Venue is
            Convenient in New Jersey....................................................................12

          1.    The Practical Considerations for Making Trial Easy,
                 Expeditious, and Inexpensive Favor New Jersey ....................13

          2.    The Familiarity of the Trial Judge With State Law
                 Favors New Jersey ...................................................................13

          3.    The Comparative Administrative Difficulty Favors
                 New Jersey ...............................................................................14

          4.    The Local Interest and Public Policy Factors Favor
                 New Jersey ...............................................................................14

Conclusion ............................................................................................................15

i

## **Table of Authorities**

Allianz Life Ins. Co. of N. Am. v. Estate of Bliech, 2008 LEXIS 90720
(D.N.J. 2008)..........................................................................................13

Am. Institutional Partners, LLC v. Fairstar Res., Ltd., 2011 LEXIS 34385
(D. Del. 2011) ........................................................................................15

B.E. Tech., LLC v. Sony Computer Entm't Am. LLC, 2013 LEXIS
101206 (W.D. Tenn. 2013) ...................................................................7, 9

Cottman Transmission Sys. v. Martino, 36 F.3d 291 (3d Cir. 1993) ...................8, 9

Culp v. NFL Prod. LLC, 2014 LEXIS 137172 (D.N.J. 2014) ..............................6, 9

GlaxoSmithKline Consumer Healthcare, L.P. v. Merix Pharm. Corp.,
2005 LEXIS 40007 (D.N.J. 2005) ............................................................8

Job Haines Home for the Aged v. Young, 936 F.Supp. 223 (D.N.J. 1996) ........2, 12

Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628 (3d Cir. 1989)............3, 4, 5

Marracco v. Kuder, 2008 LEXIS 68022 (D.N.J. 2008)...............................................2

Master Cutlery, Inc. v. Panther Trading Co., 2012 LEXIS 178639 (D.N.J.
2012) .................................................................................................14, 15

Miller v. Boston Sci. Corp., 380 F.Supp.2d 443 (D.N.J. 2005) ................................4

NCR Credit Corp. v. Ye Seekers Horizon, 17 F.Supp.2d 317 (D.N.J. 1998) .........13

Police & Fire Professionals of Am. Ret. Fund v. Pfizer, Inc., 2011 LEXIS
123386 (D.N.J. 2011)...........................................................................2, 3

Samuels v. Medytox Solutions, Inc., 2014 LEXIS 125525 (D.N.J. 2014)..............14

Sunguard Availability Servs., LP v. Spare Backup, Inc., 2009 LEXIS 70215
(D.N.J. 2009)..........................................................................................11

Tech Dev. Co. v. Onischenko, 536 F.Supp.2d 511 (D.N.J. 2007) ...........................5

Tefal, S.A. v. Products International, 529 F.2d 495 (3d Cir. 1976) ........................9

Telebrands Corp. v. martFive, LLC, 2013 LEXIS 124420 (D.N.J. 2013) ............6, 8

Voxpath RS LLC v. LG Elecs. U.S.A., Inc., 2012 LEXIS 7569 (E.D. Tex. 2012) ........................................................................................10

Yocham v. Novartis Pharms. Corp., 565 F.Supp.2d 554 (D.N.J. 2008) ..................2

Charles A. Wright *et al.* Federal Practice and Procedure §3851, 3d ed. 1998 ..........7

## Introduction

Defendants are no strangers to the Garden State.  Defendant Sony Computer Entertainment America LLC ("SCEA") is not only registered to do business in New Jersey, but its predecessor recently asked a federal court in Texas to transfer a case to this very District.[1]  In that case they swore that Sony's vast resources in New Jersey (including an intellectual property department) made it convenient for them to litigate in this now contested forum.  Such reality exposes Defendants' motion for what it is:  an improper attempt to shift the inconvenience of one litigant to another.  VIRAG is entitled deference in its choice of forum.  Litigating in New Jersey (where VIRAG's claims arise) is more convenient than litigating in California.  The private and public interest factors also weigh against transfer.   In short, Defendants' complaints about litigating in this forum are superficial, conclusory, and insufficient to satisfy their heavy burden under 28 U.S.C. §1404(a).  Defendants' motion should be denied.

---

[1] A copy of the motion and the Sony corporate family's supporting declaration filed in the Eastern District of Texas are filed herewith as Exhibit 1.  The movant there was Sony Computer Entertainment America Inc., SCEA's predecessor.  SCEA **Inc.** became SCEA **LLC** in 2010.

## ARGUMENT

**A.   Defendants Bear a Heavy Burden to Transfer This Case Out of the District of New Jersey.**

The burden in a §1404(a) motion is borne by the party seeking to transfer the case.  Yocham v. Novartis Pharms. Corp., 565 F.Supp.2d 554, 557 (D.N.J. 2008). This burden is decidedly "heavy."  See Yocham, 565 F.Supp.2d at 559; Marracco v. Kuder, 2008 LEXIS 68022, 11 (D.N.J. 2008) (internal citations omitted).   A plaintiff's choice of forum will prevail unless the moving party can convince the court its alternative forum is not only adequate, but ***more convenient*** than the present forum.  Job Haines Home for the Aged v. Young, 936 F.Supp. 223, 227 (D.N.J. 1996) (emphasis added).

The Third Circuit considers numerous private and public interest factors in deciding whether to transfer a case.  The "private factors" are:  (1) plaintiff's forum preference; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses – but only if the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent the files could not be produced in the alternative forum).  Sec. Police & Fire Professionals of Am. Ret. Fund v. Pfizer, Inc., 2011 LEXIS 123386, 11 (D.N.J. 2011).  The "public factors" are:  (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy,

expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with applicable state law.   Pfizer, 2011 LEXIS 123386 at 11-12.   Neither list is exhaustive; the analysis under §1404(a) is flexible, individualized, and based on the unique facts of each case.   Id.

## B.   The "Private Interest Factors" Demonstrate Venue is Convenient in New Jersey.

### 1.   VIRAG's Forum Preference Should Be Afforded Deference.

Defendants underestimate the deference owed VIRAG in its choice of forum. Although Defendants pointed out the "amount of deference is less when the plaintiff is foreign," their presentation of the law was incomplete.   See Defendants' Motion ("Dfs. Motion") at 7.   In Lony v. E.I. DuPont de Nemours & Co., the Third Circuit recognized that while a foreign plaintiff's choice is owed less deference, that principle is "not invitation to accord a foreign plaintiff's selection of American forum no deference".   886 F.2d 628, 633 (3d Cir. 1989).[2]   "The reason for giving a foreign plaintiff less deference is…reluctance to assume [their] choice is convenient."   Id. at 634.   That reluctance, however, can be "readily overcome by a

---

[2] Lony v. E.I. DuPont de Nemours & Co., on which Defendants rely, was decided on a motion to dismiss based on the doctrine *forum non conveniens*, not a motion transfer venue under 28 U.S.C. §1404(a). 886 F.2d 628 at 629.

strong showing of convenience." Id. Where a foreign plaintiff has made this showing, the district court must consider whether they should be "on the same footing as a domestic plaintiff." Id. The rule explained in Lony, but only partially disclosed in Defendants' motion, has been applied in this Court. Miller v. Boston Sci. Corp., 380 F.Supp.2d 443, 450 (D.N.J. 2005) ("a foreign plaintiff's decision to sue in the United States is presumptively made for reasons other than convenience, but the plaintiff may overcome this presumption by making a strong showing of convenience").

The "plaintiff's residence *in relation to* the chosen forum" is a relevant factor of convenience. Miller, 380 F.Supp.2d at 450 (emphasis added). VIRAG is based in Italy. Traveling to the eastern United States is substantially cheaper and shorter than traveling to California. A flight from Milan, Italy to San Francisco is 1,932 miles longer than a flight to Newark, New Jersey.[3] The Newark area is also accessible by three major international airports, with frequent flights to and from Europe: (1) Newark Liberty International Airport (4.1 miles from the District courthouse); (2) John F. Kennedy International Airport (31.3 miles), and; (3)

---

[3] These figures are based on a non-stop flight from Milan, Italy to Newark, New Jersey (4,010 miles). See United Airlines trip itinerary, filed herewith as Exhibit 2. VIRAG could not find any direct flights from Milan to San Francisco, California. The distance between the two cities is 5,942.92 miles. See http://www.mapcrow.info/cgi-bin/cities_distance_airpt2.cgi?city3=-187074%2CM&city4=1603%2CS (last visited November 20, 2014).

Philadelphia International Airport (93.6 miles).[4]  Therefore, litigating in Newark, New Jersey is significantly more convenient for VIRAG than litigating in San Francisco, California.

VIRAG's business relationships and operations in New Jersey also demonstrate its choice of forum was based on convenience.  See Tech Dev. Co. v. Onischenko, 536 F.Supp.2d 511, 521 (D.N.J. 2007) (foreign plaintiff's choice of forum motivated by convenience because it had filed patent applications in the United States and intended to pursue negotiations with the pharmaceutical companies in the United States).[5]  That VIRAG has nationwide trademark protection is undisputed.  (See Exhibit 1 to Declaration of Lisa Simpson in support of Defendants' Motion to Dismiss.)  VIRAG also has sales to distributors located in New Jersey.  See Affidavit of VIRAG, S.R.L. CEO Mirco Virag, ¶10 filed herewith as Exhibit 4.  Additionally, over a course of years VIRAG has developed a business relationship with the principal of New Jersey based Materials, Inc., through which Materials Inc. would be a VIRAG product distributor on the North American eastern

---

[4] See Google Maps calculations from three airports listed to the United States District of New Jersey Courthouse in Newark, New Jersey, filed herewith as Exhibit 3.

[5] As was Lony, 886 F.2d 628 at 629, Tech Dev. Co. v. Onischenko was decided on a motion to dismiss based on the doctrine *forum non conveniens*.  536 F.Supp.2d at 515.

seaboard, with operations from Materials Inc.'s headquarters at 40 Burlews Courts, Hackensack, New Jersey.  Id., ¶12.

Finally, Defendants' suggestion that New Jersey has "little connection" to the facts of this case represents an exceedingly narrow position about where VIRAG's claims arise.  (Dfs. Motion at 7.)  As recognized in this Court, "intellectual property infringement occurs, among other places, where any allegedly infringing articles are sold." Telebrands Corp. v. martFive, LLC, 2013 LEXIS 124420, 22 (D.N.J. 2013).  Defendants do not dispute *Gran Turismo* was sold in New Jersey.  (Dfs. Motion at 7.)  The sale of *Gran Turismo* in New Jersey, along with VIRAG's strong showing of convenience, demonstrates VIRAG's choice of forum is to be afforded deference.

### 2.    The Claimed Reasons Supporting Defendants' Choice of Forum Are Flawed.

VIRAG does not dispute Defendants prefer to litigate in San Francisco.  The Court should, however, examine whether Defendants can articulate "rational, legitimate reasons to support that preference." Culp v. NFL Prod. LLC, 2014 LEXIS 137172, 14 (D.N.J. 2014).  The reasons cited in Defendants' motion are suspect.  By asserting defendant Sony Computer Entertainment Inc. (SCEI) favors California because it is "much more convenient for it litigate there from Japan," Defendants neutralize their argument that because VIRAG must travel internationally, litigating in San Francisco would not be inconvenient for the Italian company.  (Dfs. Motion at 8.)  Applying Defendants' reasoning, a flight from Japan to New Jersey should

6

not inconvenience SCEI because their representatives/witnesses will already travel internationally to reach California.

Neither do the other reasons for Defendants' preference withstand scrutiny. Defendants claim that "all known SCEA witnesses" are in the Northern District of California.  But a general allegation that witnesses in the proposed transferee forum will be necessary, without identifying them and indicating what their testimony will be, is insufficient to warrant transfer.  See Charles A. Wright *et al.* Federal Practice and Procedure §3851, 3d ed. 1998 ("If a party has merely made an allegation that witnesses will be necessary without identifying them and indicating what their testimony will be the application for transfer will be denied.").  Similar conclusory allegations by SCEA of Northern District of California witness inconvenience were recently rejected by another federal district court when considering an SCEA motion to transfer.  See B.E. Tech., LLC v. Sony Computer Entm't Am. LLC, 2013 LEXIS 101206, 22 (W.D. Tenn. 2013) (denying SCEA's motion to transfer venue because despite identifying potential witnesses Sony failed to "provide any indication of the necessity of those employees to its business," and therefore transferring venue would only shift the burden of inconvenience from one party to another).  Here, Defendants did not identify a single witness, much less show how they will be inconvenienced by traveling to New Jersey.  Empty assertions of witness inconvenience do not provide a "rational" basis for litigating this dispute in California.

Nor does Defendants' claim that potentially relevant documents in SCEA's possession are in California support transfer. Both Defendants are highly-sophisticated corporations that can (and do) unquestionably transmit documents electronically. GlaxoSmithKline Consumer Healthcare, L.P. v. Merix Pharm. Corp., 2005 LEXIS 40007, 20 (D.N.J. 2005) ("When documents can be transported and/or easily photocopied, their location is entitled to little weight… In the day of the internet and electronic transmission of documents, location of documents assumes even less significance"). Defendants have already lodged both the infringing video game and the video game console with this Court. (See Defendants' Motion to Dismiss at 4, fn. 3.) It is fair to assume Defendants can produce other evidence in the District of New Jersey with similar ease.

### 3.    VIRAG's Claims Arose in New Jersey.

Defendants exaggerate the importance of where infringing decisions were made. VIRAG's claims are based on use in commerce – including New Jersey commerce. "Intellectual property infringement occurs...where any allegedly infringing articles are sold." Telebrands, 2013 LEXIS at 22. VIRAG's complaint supports the conclusion that its claims arose within the present forum. See e.g., Tefal, S.A. v. Products International, 529 F.2d 495, 497 (3d Cir. 1976) (not unfair to require defendants to stand trial in a district where they did substantial business that allegedly infringed plaintiff's products); Cottman Transmission Sys. v. Martino, 36

F.3d 291, 294 (3d Cir. 1993) ("cause of action for trademark infringement arises where the passing off occurs").[6]  At most, Defendants' own cited cases reveal this factor to be neutral.   In <u>Culp</u>, the Court recognized while the "editing and production" of video footage alleged to violate the Lanham Act was completed in New Jersey, the plaintiff's claims concerning the nationwide airing of their images was not limited to a single state.  2014 LEXIS 137172 at 15 (cited in Dfs. Motion at 6 and 8).  This, the <u>Culp</u> Court found, neutralized the factor of where the claims arose.  <u>Id.</u>  The Court did not find that nationwide distribution weighed in favor of the jurisdiction where the film was edited and produced.  Likewise here, where Defendants' infringing decisions were made deserves minimal weight.

### 4.      The Convenience of the Parties Favors New Jersey.

The convenience of the parties overwhelmingly favors New Jersey.  As explained, Defendants' vague representations concerning "potentially relevant SCEA witnesses" are insufficient.  <u>Supra</u> at 7, citing and quoting <u>Sony</u>, 2013 LEXIS 101206 at 22.  SCEA is registered to business in New Jersey and thereby consented to personal jurisdiction here.[7]   More importantly, Defendants have previously

---

[6] Both <u>Tefal, S.A. v. Products International</u>, 529 F.2d at 497 and <u>Cottman Transmission Sys. v. Martino</u>, 36 F.3d at 294, were decided on motions to dismiss for lack of venue but provide insight on the issue of where trademark infringement claims arise.

[7] <u>See</u> New Jersey Secretary of State Business Entity Information and Records Service for Sony Computer Entertainment America LLC, attached as Exhibit 5.

represented that New Jersey *is* a convenient forum for them to defend against intellectual property claims.  In 2010, Sony corporate defendants, including SCEA's predecessor, moved to transfer a case from the Eastern District of Texas to the District of New Jersey.  (See e.g., Ex. 1.)  A basis for the motion was that SCEA's corporate affiliate, Sony Corporation of America, had an intellectual property department in Park Ridge, New Jersey, which Sony swore would "provide litigation support" to each of the Sony entities sued in that case – including SCEA's predecessor.  (Ex. 1, Declaration of Steven Kober, Senior V.P. Finance, Sony Corporation of America, ¶9).  Judge Gilstrap relied on these assertions when granting SCEA's motion, emphasizing Sony's substantial presence in New Jersey and New York.  Voxpath, RS LLC v. LG Elecs. U.S.A., Inc., 2012 LEXIS 7569, 14-15 (E.D. Tex. 2012).  SCEA's filings in Voxpath reveal the Defendants' belief that the District Court of New Jersey is a convenient forum from which to defend an intellectual property dispute such as this.  Any contrary position evidences a selective memory and does not support transfer from VIRAG's chosen forum.

Finally, Defendants' suggestion that VIRAG's witnesses will not be inconvenienced by traveling to San Francisco is geographically untenable. Traveling across the entire United States will be more expensive, time-consuming,

and logistically difficult than traveling to New Jersey.[8]  These costs associated with cross-country travel are relevant to a motion to transfer venue.   In <u>Sunguard Availability Servs., LP v. Spare Backup, Inc.</u>, the Court considered the disparity between the corporate litigants' size as it related to the financial and operational hardship incurred by travel.  2009 LEXIS 70215, 6-7 (D.N.J. 2009).  One litigant was a small company with 46 employees; the other a large company, with 20,000 employees around the world and with annual revenue exceeding $5 billion.  2009 LEXIS 70215 at 7.  Because the smaller company would suffer greater hardship by a cross-country trip, the <u>Sunguard</u> Court ordered the larger, international company, to bear the inconvenience of traveling.  <u>Id.</u>  Under <u>Sunguard</u>, this Court should consider that SCEI and SCEA are obviously considerably larger than VIRAG.  Both Defendants are subsidiaries of Sony Corporation, a Fortune 100 company operating across Asia, Europe, and the United States (including with offices and employees in New Jersey) and has annual revenue exceeding $65 billion.[9]  VIRAG, a family-owned company with its 13 full-time employees, is a mere fraction of Defendants'

---

[8] In late 2013, Mirco Virag, VIRAG's CEO, traveled three times from Milan to New York City (JFK Airport) for VIRAG business meetings, including ones in New Jersey.  (<u>See</u> Ex. 4, ¶17.)

[9] <u>See</u> Sony Corporation's 2014 Form 20-F disclosures to the Securities and Exchange Commission, available at http://www.sony.net/SonyInfo/IR/library/FY2013_20F_PDF.pdf, page 6 (last visited November 20, 2014); the yen to dollar exchange rate on November 20, 2014 was 1.00 JPY = 0.008449 USD.

size.  (See Ex. 4, ¶7.)  The economic disparity of the parties weighs against transfer to California.

     **5.**     **The Remaining Private Factors Favor New Jersey.**

Defendants state they are not aware of any witnesses or documents that would become unavailable if the case were litigated in San Francisco.  Curiously, they assume this reality favors transfer.  (Dfs. Motion at 10.)  Yet, they offer no evidence suggesting that witnesses or documents would be unavailable in the present forum. In failing to do so, they disregard their burden, which is not merely to show the Northern District of California would be *as convenient*, but *more convenient* than the District of New Jersey.  Young, 936 F.Supp. at 227.  It is not; documents and witnesses are available to this Court.

**C.**     **The "Public Interest Factors" Demonstrate Venue is Convenient in New Jersey.**

VIRAG agrees with Defendants that the enforceability of a potential judgment is likely not at issue.  However, two others factors which Defendants suggest are neutral – (1) the practical considerations making trial easy, expeditious, and inexpensive and (2) the familiarity of the trial judge with state law – favor retention in the present forum, as do the remaining public interest factors.

1.     **The Practical Considerations for Making Trial Easy, Expeditious, and Inexpensive Favor New Jersey.**

As explained above, in the event of a trial, it will be logistically easier for VIRAG's witnesses to travel to New Jersey than California.  It will also be less expensive.  Defendants are both highly-sophisticated electronics companies that can transmit documents and other evidence to this District.  Both Defendants may rely on Sony Corporation's extensive presence on the east coast, including in Park Ridge, New Jersey and New York City.  Defendants presented no evidence that their witnesses would be unavailable for trial in this forum.  This factor weighs against transfer.

2.     **The Familiarity of the Trial Judge With State Law Favors New Jersey.**

Defendants concede VIRAG's cause of action for violating its rights of publicity is based on New Jersey law.  (Dfs. Motion at 8, fn. 5.)  This Court has greater familiarity with New Jersey law than one in the Northern District of California.  See Allianz Life Ins. Co. of N. Am. V. Estate of Bliech, 2008 LEXIS 90720, 17 (D.N.J. 2008) ("this Court's better familiarity with New Jersey law weighs in favor of denying Defendants' motion to transfer"); NCR Credit Corp. v. Ye Seekers Horizon, 17 F.Supp.2d 317, 323 (D.N.J. 1998) ("Obviously this Court has more familiarity with New Jersey law than a district court in Texas").  This factor weighs against transfer.

### 3.     The Comparative Administrative Difficulty Favors New Jersey.

Defendants' arguments about docket congestion are overstated.  Relative congestion of the respective courts' dockets is not a factor of great importance.  <u>Samuels v. Medytox Solutions, Inc.</u>, 2014 LEXIS 125525, 29 (D.N.J. 2014).  The difference in court congestion in this case is inconsequential.  Even so, the statistics cited by Defendants reveal that in the Northern District of California the time elapsed from filing to disposition is longer than in the present forum.[10]  Thus, pre-trial motion practice there will proceed less quickly.  Further, and perhaps because of the former statistic, there are more civil cases over 3 years old in the Northern District of California than in the District of New Jersey.  To the extent the Court considers docket congestion, it too favors retaining the matter in the present forum.

### 4.     The Local Interest and Public Policy Factors Favor New Jersey.

The final public interest factors – local interest in deciding local controversies at home and the public policies of the fora – favor New Jersey.  First, VIRAG's claims arose in New Jersey because that is where the infringing video games were sold.  "When an action involves injuries sustained in a particular local, the public interest supports adjudication of the controversy in that locale."  <u>Master Cutlery, Inc.</u>

---

[10] <u>See</u> Federal Management Statistics for the Northern District of California and the District of New Jersey, available at www.uscourts.gov/Statistics/FederalCourt ManagementStatistics/district-courts-june-2014.aspx (last visited November 20, 2014).

v. Panther Trading Co., 2012 LEXIS 178639, 15-16 (D.N.J. 2012).  Second, New Jersey has a policy interest over SCEA because it has registered to do business in that state.  See Am. Institutional Partners, LLC v. Fairstar Res., Ltd., 2011 LEXIS 34385, 47 (D. Del. 2011).  Finally, VIRAG has meaningful business connections with distributors in New Jersey and will be harmed by a false association with Defendants' video game.  Panther Trading, 2012 LEXIS 178639 at 15.  These factors favor keeping this case in New Jersey.

## Conclusion

Defendants are part of one of the world's largest corporate families.  They sell products (including the infringing video game at issue) in every state.  They have voluntarily submitted to jurisdiction in New Jersey and (when it suits them) succeeded in having cases transferred to this District.  They can (and have) produced evidence and witnesses here.  VIRAG is a small company, for which litigating in New Jersey (much closer than California to its Italian home) will be more convenient.  In sum, Defendants have not satisfied their burden of establishing that the balance of convenience and the interests of justice favor transfer of this matter across the United States to the Northern District of California.  The motion to transfer venue should be denied.

Respectfully submitted,

VIRAG, S.R.L.

By:   _/s/  James T. Kim_____
       One of its attorneys

COLE, SCHOTZ, MEISEL, FORMAN
& LEONARD, P.A.

Leo V. Leyva, Esq.
James T. Kim, Esq.
25 Main Street – Court Plaza North
Hackensack, New Jersey  07601
(201) 489-3000
lleyva@coleschotz.com
jkim@coleschotz.com

*Counsel for VIRAG S.R.L.*

Co-Counsel:
Thomas J. Verticchio, Esq. (*pro hac vice*)
Christopher T. Sheean, Esq. (*pro hac vice*)
Steven L. Vanderporten, Esq. (*pro hac vice*)
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois  60611
(312) 321-9100
tverticchio@smbtrials.com
csheean@smbtrials.com
svanderporten@smbtrials.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing **VIRAG's Memorandum in Opposition to Defendants' Motion to Transfer Pursuant to 28 U.S.C. §1404(a)** was served upon:

Grace L. Pan, Esq.
Lisa T. Simpson, Esq. (*pro hac vice*)
Nicolas H. Lam (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, New York  10019
gpan@orrick.com
lsimpson@orrick.com
nlam@orrick.com

**via Electronic Mail through the Court ECF system, this 1st day of December, 2014**, from the law firm of Cole, Schotz, Meisel, Forman, & Leonard, P.A., 25 Main Street – Court Plaza North, Hackensack, New Jersey 07601.

[✓] Under penalties as provided by law, the undersigned certifies that the statements set forth in this Certificate of Service are true and correct.

_____/s/  James T. Kim_____

17